**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JORGE A. ARUFE,

      Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

      Agency.

DOCKET NUMBER
SF-0752-16-0217-I-1

DATE: October 6, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jorge A. Arufe, Boulder City, Nevada, pro se.

Karen D. Glasgow, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the administrative judge's analysis concerning the agency's absent without leave (AWOL) charge and to find that the appellant is deemed to have abandoned his affirmative defenses, we AFFIRM the initial decision.

## BACKGROUND

¶2      Effective December 7, 2015, the agency removed the appellant from his Hydrologist position based on two charges of failure to follow instructions and AWOL. Initial Appeal File (IAF), Tab 1 at 20-34. The failure to follow instructions charge was supported by three specifications[2] alleging that: (1) on March 11, 2015, the appellant entered an incorrect shift rating for the Hot Creek gaging station; (2) on May 28, 2015, the appellant failed to get a surface water rating approved for Hot Creek prior to publishing it online; and (3) on June 28, 2015, the appellant entered another unapproved rating for Hot Creek that displayed online. *Id.* at 8-9, 21-25. The agency alleged under the AWOL charge

---

[2] Although the agency did not enumerate the specifications underlying its narrative charge, according to the administrative judge, the parties agreed that they understood each specification to be distinct. IAF, Tab 11 at 8.

that the appellant was absent from July 21 to September 9, 2015, and had not provided appropriate documentation to support his absence and request for leave. *Id.* at 9-14, 25-26.

¶3     The appellant filed a Board appeal disputing the charges. *Id.* at 5. He did not request a hearing. *Id.* at 2. On August 3, 2016, the administrative judge issued an initial decision, sustaining the appellant's removal. IAF, Tab 11, Initial Decision (ID). The administrative judge sustained the failure to follow instructions charge based on specifications 2 and 3. ID at 6-12. He also sustained the AWOL charge, finding that it was undisputed that the appellant was absent during the relevant time period and that the agency proved that, with the exception of 2 days, the appellant's absences were unauthorized. ID at 13-14. Lastly, the administrative judge found that there was a nexus between the sustained charges and the efficiency of the service and that removal was within the tolerable limits of reasonableness.[3] ID at 14-17.

¶4     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved its failure to follow instructions charge.

¶5     The administrative judge found that the evidence established that the appellant's supervisor instructed the appellant to gain approval for all new surface water ratings prior to "working the record"[4] and that such an instruction was proper given her status as his supervisor. ID at 7. He further found that,

---

[3] The appellant does not challenge these findings on review, and we discern no error in the administrative judge's analysis.

[4] The administrative judge found that "working the record" referred to taking any record-related action from putting data online and applying shifts after a field trip to a formal work up of a record. ID at 6. Although the appellant contends that this was an erroneous finding, he fails to adequately explain how or why this definition is inaccurate. PFR File, Tab 1 at 20.

regarding specifications 2 and 3, the appellant posted online unapproved ratings for Hot Creek. ID at 10-12. On review, the appellant contends that his supervisor was not qualified to approve his ratings because she previously approved ratings that were not based on U.S. Geological Survey (USGS) policy, showed no respect for the peer review process utilized to ensure computationally correct ratings, and previously left an unapproved or incorrect rating online. PFR File, Tab 1 at 20-21. Regarding specification 2, the appellant argues that discipline is not warranted because the ratings his supervisor approved and posted online were not based on USGS policy, whereas his rating was based on USGS policy and also was later approved after he presented it at a ratings workshop. *Id.* at 21-22. Regarding specification 3, the appellant similarly argues that his supervisor was not fit to decide whether his ratings should be approved due to her "lack of scientific acumen" and "lack of understanding of the science of Hot Creek." *Id.* at 22-23. Although the appellant clearly disagrees over the technical aspects of the rating for Hot Creek, his arguments fail to show any error in the administrative judge's finding that he failed to follow properly given instructions and thus do not provide a basis for reversal. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The administrative judge correctly found that the agency proved its AWOL charge.

¶6      In sustaining this charge, the administrative judge found that, with the exception of July 27 and 28, 2015, the agency proved that the appellant was absent and his absences were unauthorized. ID at 13-14. On review, the appellant does not dispute that he was absent during the relevant time period but argues that he should have been granted leave based on an August 17, 2015 letter from his psychologist, which referenced treatment for "health problems related to

his work situation" that had caused him "a great deal of health problems and emotional distress that authenticate[d] his need for time off." PFR File, Tab 1 at 26; IAF, Tab 5 at 143. An AWOL charge will not be sustained if an appellant presents administratively acceptable evidence showing that he was incapacitated for duty during the relevant time period if he has sufficient sick leave to cover the period of absence. *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 5 (2010); *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007). Here, the agency notified the appellant that his medical documentation was insufficient because it failed to contain a diagnosis, prognosis, or medical explanation as to how his condition prevented him from performing his job duties. IAF, Tab 5 at 139.

¶7        We find that the agency properly considered the appellant AWOL because his medical documentation does not constitute persuasive evidence of incapacitation due to the lack of detail as to his medical condition, diagnosis, and prognosis. *Compare Lawley v. Department of the Treasury*, 84 M.S.P.R. 253, ¶¶ 22-23 (1999) (finding that the appellant's medical documentation, which stated that she required time off because of emotional stress that was work related and due to problems with her supervisor, failed to indicate that she was incapacitated for duty), *with Patterson v. Department of the Air Force*, 74 M.S.P.R. 648, 652-58 (1997) (finding the appellant's detailed medical evidence, which indicated the reasons why she was completely unable to work due to problems with her supervisors, a diagnosis, and a prognosis of when she could return to work, established that she was incapacitated for duty).

¶8        The appellant also argues that the agency should have granted him leave without pay (LWOP) instead of carrying him in AWOL status. PFR File, Tab 1 at 26. We disagree. It is well settled that authorization of LWOP is within the agency's discretion. *Oates v. Department of Labor*, 105 M.S.P.R. 10, ¶ 11 (2007). However, the Board has held that, in cases involving medical excuses, it will examine the record as a whole to determine whether the agency's denial of

LWOP was reasonable under the circumstances. *Sambrano v. Department of Defense*, [116 M.S.P.R. 449](), ¶ 4 (2011). Here, the record reflects that after initially requesting sick leave for his absence, the appellant requested LWOP, indicating that he did not believe it was fair for him to have to use sick leave when his "sickness" was caused by his work stress. IAF, Tab 5 at 188. We find that it was not unreasonable for the agency to refuse to grant the appellant LWOP in lieu of sick leave when he failed to provide sufficient medical documentation to support the same absences.

The administrative judge did not abuse his discretion in declining to address the appellant's untimely affirmative defenses.

¶9        On review, the appellant argues that the administrative judge erroneously determined that he was not raising any affirmative defenses and failed to address his claims of harmful procedural error and retaliation for his prior equal employment opportunity activity, for filing a grievance, and for his protected whistleblower activity. PFR File, Tab 1 at 1-2, 5-7. However, the appellant did not indicate on his appeal form that he was raising any affirmative defenses. IAF, Tab 1 at 5. Further, the record reflects that, during a close of record conference call on February 18, 2016, the appellant confirmed that he was not raising any affirmative defenses and/or was withdrawing any affirmative defenses not specifically identified in the summary. IAF, Tab 7 at 2-4. Notwithstanding, the administrative judge provided written notice in the order regarding the applicable burdens of proof for a wide range of potential affirmative defenses, including claims of discrimination, retaliation, harmful procedural error, and whistleblower reprisal, among others, but noted that such affirmative defenses would not be addressed by the Board absent a specific timely motion followed by an order. *Id.* at 4-24. The close of record order further specified that any objections or exceptions to the summary were to be received within 7 calendar days of the date of the order or would be deemed waived. *Id.* at 24. The appellant did not file a motion or objection within the 7-day deadline.

¶10       On March 21, 2016, the appellant filed a 328-page close of record submission,[5] which included a section titled "Response to the Order and Summary of Close of Record Conference," in which he purports to raise claims of harmful procedural error, retaliation for prior protected activity, retaliation for filing a grievance, and whistleblower reprisal. IAF, Tab 10 at 70-77. The administrative judge did not address any affirmative defenses in the initial decision, noting that the appellant did not timely object to the close of record summary. ID at 4.

¶11       Under these circumstances we find that the administrative judge did not abuse his discretion in declining to address the appellant's untimely affirmative defenses. As noted, the appellant did not object to the close of record order stating that he was not raising any affirmative defenses. *Cf. Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (considering the appellant's failure to object to a summary of the issues to be decided that failed to include potential affirmative defenses, among other factors, in assessing whether an appellant is deemed to have waived or abandoned a previously raised affirmative defense); *Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 635 (1992) (finding that the appellant abandoned his affirmative defenses when he failed to object, when given the opportunity, to the administrative judge's rulings excluding those issues from the appeal). The appellant does not explain why he failed to timely object to the order below. However, he asserts that he was confused and did not understand the meaning of the term "affirmative defense" at the time of the close of record conference and that, following the issuance of the initial decision, he

---

[5] The administrative judge considered the appellant's close of record submission despite finding that it was received by the Board on March 23, 2016, after the March 21, 2016 deadline set forth in the close of record order. ID at 4-5. However, the language in the close of record order is unclear as it both stated that submissions were to be *filed* by March 21, 2016, but also that submissions *received* after that date would not be accepted. IAF, Tab 3 at 1. Pursuant to the Board's regulations, the appellant's submission, mailed on March 21, 2016, and received by the Board on March 23, 2016, was timely filed. *See* 5 C.F.R. § 1201.4(*l*) (stating that the date of filing by mail is determined by the postmark date). Under these circumstances, the administrative judge properly considered the appellant's close of record submission.

consulted with an attorney who explained the term to him. PFR File, Tab 1 at 2. We find such arguments unavailing. Having been informed of his right to obtain representation, IAF, Tab 2 at 2, 10, and choosing to proceed pro se, the appellant is responsible for the consequences of that decision, *see, e.g.*, *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008). Moreover, such confusion was not due to any misleading or incorrect information provided by the Board. The administrative judge's order specifically notified the appellant of potential affirmative defenses and their applicable burdens of proof, and the appellant could have sought additional clarification of the order to the extent necessary.

¶12      Accordingly, we affirm the initial decision sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:              /s/ for
                           _____
                           Jennifer Everling
                           Acting Clerk of the Board
Washington, D.C.